UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANCE POINTEC,<br><br>                    Plaintiff,<br><br>     v.<br><br>JULIE GEOGHEGAN, CAROL THAMERT, DALE FETROE, JACQUELINE FLUAITT,<br><br>                    Defendants. | No. C12-5578 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for: February 22, 2013 |

Before the Court is the Motion to Dismiss of Defendants Julie Geoghegan, Carol Thamert, Dale Fetroe, and Jacqueline Fluaitt.  ECF No. 18.  Defendants move to dismiss the Amended Complaint of Plaintiff Rance Pointec (ECF No. 6) on four grounds:  1) failure to exhaust administrative remedies; 2) failure to state a claim of violation of the Eighth Amendment; 3) failure to allege personal participation of Defendants Fluaitt and Fetroe; and 4) qualified immunity.  *Id.*  Defendants' motion was initially filed on August 15, 2012 (ECF No. 12) and Plaintiff filed his opposition and motion to amend in response (ECF Nos. 14 and 15). Defendants responded to the motion to amend (ECF No. 17) and then re-filed their motion to dismiss on October 17, 2012.  ECF No. 18.  At the same time, Defendants served Plaintiff with a "*Pro Se* Prisoner Dispositive Motion Notice" consistent with *Woods v. Carey*, 684 F.3d 934, 934 (9th Cir. 2012), and the Court re-noted Defendants' motion to dismiss.  ECF No. 19.  Plaintiff has filed no further response.  On January 14, 2013, the Court denied Plaintiff's motion to amend as proposed.  ECF No. 20.

REPORT AND RECOMMENDATION - 1

Although Plaintiff filed his response prior to Defendants' *Woods* notice, the Court finds no prejudice to Plaintiff as he was given adequate opportunity to respond after receipt of the notice. The undersigned recommends that Defendants' motion to dismiss be denied on the ground of failure to exhaust. The undersigned recommends the Court deny the motion to dismiss for failure to state an Eighth Amendment claim and for qualified immunity, and that the Plaintiff be given an opportunity to file an amended complaint. The Court further recommends that the motion be denied as to failure to allege personal participation of Defendant Fetroe and granted as to Defendant Jacqueline Fluaitt. The claims against Defendant Fluaitt should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## BACKGROUND

**A.     Plaintiff's Allegations – Complaint (ECF No. 7)**

This case is proceeding on Plaintiff's Complaint. ECF No. 6. Plaintiff is currently incarcerated at the Washington State Penitentiary (WSP). Plaintiff sued various Department of Correction (DOC) employees who worked at the Coyote Ridge Corrections Center (CRCC), where Plaintiff was previously incarcerated. *Id.*, p. 3. Plaintiff alleges that he suffered from a broken finger but Defendants Geoghegan and Thamert misdiagnosed the break as a pulled muscle. As a result, he claims that he has a permanent disfigurement and permanent disability. *Id.*, p. 4. He alleges that he was in pain for over 16 hours before receiving treatment or pain medication. When he returned to the medical clinic for pain and lack of movement in his finger, Defendant Fetroe performed a medical examination and advised Plaintiff that his finger was definitely broken and had healed wrong. Defendant Fetroe also advised him that there was nothing he could do to help him further because he no longer had joint movement in that finger. *Id.*

REPORT AND RECOMMENDATION - 2

Plaintiff seeks a declaratory judgment that all defendants were deliberately indifferent to his medical needs, compensatory damages of $300,000.00, and punitive damages of $250,000.00.  ECF No. 6, p. 5.

**B.      Facts Relating to Grievances/Exhaustion of Remedies**

Attached to Plaintiff's complaint is grievance Log I.D. 1120499 dated October 23, 2011, grieving the misdiagnosis of Plaintiff's finger.  In that grievance, Plaintiff grieves the foregoing and also states that it was in August 2011, after an x-ray, that Defendant Geoghegan told him the finger was not broken but was a pulled ligament that had torn away from the muscle.  She told him that the finger would heal.  ECF No. 6, p. 9.  His grievance was found to be "not grievable" because it was past the time frame for filing a grievance.  *Id.*  On November 9, 2011, Plaintiff re-submitted the grievance stating that Ms. Fluaitt advised him that he had failed to note in his previous grievance that he had also been seen in the medical clinic on October 11, 2011.  *Id.*, p. 11.  The response was that he had received appropriate treatment.  *Id.*   On January 13, 2012, Plaintiff appealed to Level II.  ECF No. 6, p. 12.  In the response, it is noted that Plaintiff was transferred to WSP during the investigation and was not available to be interviewed at CRCC and his medical chart was also not available.  Plaintiff was advised that because part of his suggested remedy was to be moved to another facility that would provide intervention, his move to WSP satisfied that request.  *Id.*

A Level III appeal of grievance Log I.D. 1120499 is also attached to Plaintiff's complaint.  ECF No. 6, p. 14.  Plaintiff states therein:

> I was sent to WSP as a custody promotion to MI2 not as a suggested remedy from the misdiagnosis and negligence of CRCC medical.  This incident was reported less than 48 hours after it occurred on 8-11-11.  It was then x-rayed and diagnosed as a torn ligament and given no further treatment.  I now have very limited movement in my thumb due to the medical staff's negligence at CRCC.

REPORT AND RECOMMENDATION - 3

*Id.* The Level III appeal is dated January 19, 2012, two days after the response to the Level II appeal. *See* ECF No. 6, p. 16. There is no grievance coordinator response contained in the copy of the Level III appeal. In his declaration, Plaintiff states that he appealed this grievance to Level III, but was not provided a response despite his repeated requests. ECF No. 16, Declaration of Rance Pointec, pp. 1-2.

There is a grievance procedure available to inmates who are incarcerated in DOC institutions. ECF No. 18, Exhibit 1, Declaration of Clara G. Curl, ¶ 3. Under DOC's grievance system, an offender may file a grievance over a wide range of aspects of his incarceration. Inmates may file grievances challenging: 1) DOC institution policies, rules and procedures; 2) the application of such policies, rules and procedures; 3) the lack of policies, rules or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions. Further, the DOC grievance system provides a wide range of remedies available to inmates. These remedies include: 1) restitution of property or funds; 2) correction of records; 3) administrative actions; 4) agreement by department officials to remedy an objectionable condition within a reasonable time; and 5) a change in a local or department policy or procedure. *Id.*, ¶¶ 4-5.

The grievance procedure consists of four levels of review. Level 0 is the complaint or informal level, at which the grievance coordinator pursues informal resolution. Level I grievances are grievances against policy, procedure, or other offenders, and grievances processed as emergencies. The local grievance coordinator is the respondent at Level I. Offenders may appeal a Level I response to Level II. All appeals and initial grievances received at Level II are

REPORT AND RECOMMENDATION - 4

investigated, with the prison superintendent being the respondent.  Offenders may appeal all Level II responses except emergency grievances to Level III at Department Headquarters in Olympia, where they are reinvestigated.   Administrators are the respondents at Level III.  ECF No. 18, Exhibit 1 (Curl Decl.), ¶ 6.

According to DOC records, Plaintiff has filed one grievance under grievance Log I.D. Number 1120499 related to the "misdiagnosis" of his finger, but did not appeal the grievance beyond the Level 2 grievance stage.  ECF No. 18, Exhibit 1 (Curl Decl.), ¶ 10.

## STANDARD OF REVIEW

A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face.  Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).  A complaint that merely restates the elements of a cause of action and is supported only by conclusory statements cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66.  When evaluating a motion to dismiss, a court is not required to accept as true factual allegations that are based on unwarranted deductions of fact or inferences that are unreasonable in light of the information provided in the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court may, in its discretion, dismiss a prisoner's complaint with or without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969), *reh'g denied*, 396 U.S. 869, 90 S. Ct. 35 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  Where a plaintiff is *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs

REPORT AND RECOMMENDATION - 5

represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), *reh'g denied*, 405 U.S. 948, 92 S. Ct. 963 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also*, *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) requires:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unemunerated Fed. R. Civ. P. 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted). When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, the court may look outside the pleadings to determine whether the issue has been exhausted. *Id.* at 1119-20. To survive a motion to dismiss for failure to exhaust, an inmate's claims must be both exhausted and timely. *McCollum v. California Dept. of Corrections and Rehabilitation*, 647 F.3d 870 (9th Cir. 2011). This Court determines whether an inmate's claim has been fully exhausted by referencing the prison's own grievance requirements. *Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009).

REPORT AND RECOMMENDATION - 6

**DISCUSSION**

**A.     Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin*, at 1119. To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id.* Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120. If an inmate fails to adequately exhaust his administrative remedies on a claim, that claim must be dismissed pursuant to an unenumerated Fed. R. Civ. P. 12(b) motion. *Wyatt*, at 1119-20. When considering whether to dismiss a complaint for failure to exhaust administrative remedies, the court may look outside the pleadings to determine whether the issue has been exhausted and may decide disputed issues of fact. *Id.*

Washington state prisoners are required to use the process set forth by the Washington Offender Grievance Program (OGP) to exhaust their claims prior to filing suit. *See Ngo,* 548 U.S. at 90–91 (proper exhaustion requires complying "with an agency's deadlines and other critical procedural issues because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). This means that a prisoner must file any grievances, complaints, and appeals he has concerning his prison conditions in the time, place, and manner required by the prison's administrative rules. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002); see also *Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir.2009) (A prisoner must comply with a prison's procedural requirements).

The attachments to Plaintiff's complaint and Plaintiff's Declaration establish that Plaintiff filed a Level III appeal of grievance Log I.D. 1120499 two days after he received the grievance coordinator's response to his Level II appeal. However, he received no response to the Level III response despite his repeated requests. ECF No. 16, Declaration of Rance Pointec, pp. 1-2. According to Defendants, DOC records do not contain any Level III appeal of this grievance. ECF No. 18, Exhibit 1 (Curl Decl.), ¶ 10. Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that there is a material issue of fact regarding whether Plaintiff attempted, in good faith, to exhaust his administrative remedies. Although there is no Level III appeal contained in DOC's files, Plaintiff states under oath that he filed one and has produced a copy of the appeal dated January 19, 2012.

Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff's claims for failure to exhaust be **denied.**

B.     **Eighth Amendment**

To state an arguable section 1983 claim for failure to provide medical care, the prisoner must allege that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir.1986), *cert. denied*, 481 U.S. 1069 (1987). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985); *see also Hunt v. Dental Department*, 865 F.2d 198, 200 (9th Cir.1989) (finding

REPORT AND RECOMMENDATION - 8

that a three month delay in replacing dentures, causing gum disease and possibly weight loss, constituted an eighth amendment violation); *Broughton*, 622 F.2d at 460 (finding that a delay of six days in treating hepatitis may constitute deliberate indifference).  A finding that the defendants repeatedly failed to treat an inmate properly or that a single failure was egregious strongly suggest that the defendants' actions were motivated by "deliberate indifference" to the prisoner's serious medical needs. *McGuckin v. Smith*, 974 F.2d 1050, 1061 (9th Cir.1992).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Gamble*, 429 U.S. at 104, 97 S.Ct. at 291.  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See, e.g., Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir. 1990)(citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Plaintiff alleges that his finger was broken and that Defendants Geoghegan and Thamert misdiagnosed the break as a pulled muscle.  In the grievance attached to his complaint (ECF No. 6, p. 9), Plaintiff stated that after an x-ray, the x-ray technician Defendant Geoghegan told him his finger was not broken.  Defendant C. Thamert, the ARNP, also told him his finger was not broken and would heal.  Defendant Thamert told Plaintiff there was a pulled ligament that had torn away from the muscle.  Plaintiff alleges in his complaint that he returned to the clinic two months later because of pain and lack of movement in his finger.  In his grievance (ECF No. 6, p. 9), the Plaintiff said he returned to medical on October 11, 2011 because he had no movement in his finger.  At that time, Defendant Fetroe's examination confirmed that Plaintiff's finger was

REPORT AND RECOMMENDATION - 9

broken and had healed wrong.  Defendant Fetroe told Plaintiff there was nothing else he could do to help him.

Plaintiff has not alleged facts sufficient to show anything more than a misdiagnosis.  "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  *Hutchison v. United States,* 838 F.2d 390, 394 (9th Cir. 1988).  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  *Gamble,* 429 U.S. at 106, 97 S.Ct. at 292.

As to Dr. Fetroe, Plaintiff has alleged no facts that Defendant Fetroe was deliberately indifferent to a serious medical need.  Defendant Fetroe was not involved in the initial treatment decision and when he did finally see the plaintiff he advised Mr. Pointec that nothing more could be done.

As the complaint currently stands, the Defendants are entitled to have their motion to dismiss granted.  However, because the Plaintiff is proceeding pro se, the undersigned recommends that Plaintiff be given an opportunity to file an amended complaint to plead, if possible, a constitutional violation relating to his medical care.

In that regard, Plaintiff must allege that a defendant or the defendants purposefully ignored or failed to respond to his pain or serious medical need.  He must provide facts to support this claim to describe each of the defendants' conduct, the nature of his medical needs, and explain how the person or persons named were deliberately indifferent to his medical needs.  Plaintiff should include names, dates and the circumstances surrounding his claim and state what

REPORT AND RECOMMENDATION - 10

constitutional right was allegedly infringed and how each or any of the named defendants caused him harm by violating that constitutional right.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint shall operate as a complete substitute to the present complaint. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, it must be clearly labeled the "Amended Complaint", and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.

**C. Personal Participation**

In order to obtain relief against a defendant under 42 U.S.C. §1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  To be

REPORT AND RECOMMENDATION - 11

liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe*, 616 F.2d at 1092; *Rizzo*, 423 U.S. at 371.

Plaintiff has failed to allege the personal participation of Defendant Fluaitt. There are no factual allegations contained in the complaint as to Defendant Fluaitt. From the copies of grievances attached to his complaint, it appears that Defendant Fluaitt responded to Plaintiff's grievances regarding his medical treatment. After Defendant Fluaitt found his first grievance to be untimely, Plaintiff grieved that she had failed to note that he had been seen in the medical clinic on October 11, 2011, which would allow him to file a grievance relating to that care. ECF No. 6, p. 10. The grievance was allowed although it might not have contained the response Plaintiff was hoping for. *Id.*

Plaintiff has failed to allege any facts from which it may be inferred to Defendant Fluaitt denied, delayed, or intentionally inferred with any medical treatment. Because it appears her involvement was limited to responding to his grievances, the Plaintiff's Eighth Amendment claim for denial of medical care against Defendant Fluaitt should be dismissed with prejudice.

REPORT AND RECOMMENDATION - 12

Plaintiff has also failed to allege facts from which it may be inferred that Dr. Fetroe in the denial, delay, or intentional interference of his initial medical treatment. As noted above, however, Plaintiff should be given an opportunity to allege facts, if he can, as to Dr. Fetroe. Defendants can bring another motion if the amended complaint is still lacking facts to show personal participation.

**D.     Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity because Plaintiff has put forth no facts to indicate that the x-ray was incorrectly read or that any of the Defendants were responsible for the delay in his medical care. However, because it is recommended that Plaintiff be given an opportunity to file an amended complaint, the Court need not address the issue of qualified immunity at this time. Defendants are free to raise the issue again, if appropriate, in a motion to dismiss or motion for summary judgment in response to the amended complaint.

## CONCLUSION

The undersigned recommends that Defendants' motion to dismiss (ECF No. 27) be **Granted in part and Denied in part as follows:**

(1)     Defendants' motion to dismiss Plaintiff's claims against Defendant Fluaitt should be **GRANTED** and Plaintiff's claims against Defendant Fluaitt **dismissed with prejudice;**

(2)     Defendants' motion to dismiss Plaintiff's Eighth Amendment claim and for qualified immunity should be **DENIED** and the Plaintiff should be given an opportunity to file an amended complaint by a date set by the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 22, 2013**, as noted in the caption.

      **DATED** this  6th  day of February, 2013.

                                      Karen L. Strombom
                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 14